WHATLEY, Judge.
In this appeal filed pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), counsel for George Cribbs correctly notes that the trial court granted Cribbs’ motion to correct sentencing error but that Cribbs has not been resentenced as directed by the court. We therefore remand for the trial court to resentence Cribbs in accordance with its previous order.
Cribbs pleaded guilty to the charges of burglary and possession of burglary tools, and he was given concurrent sentences of thirty years in prison as a habitual felony offender and fifteen years in prison as a prison releasee reoffender. In its order granting Cribbs’ motion to correct sentencing error, the trial court correctly found that Cribbs was improperly sentenced to thirty years in prison as a habitual offender for the offense of possession of burglary tools, because this offense is a third-degree felony punishable by ten years in prison under the habitual offender statute. § 775.084(4)(a)(3), Fla. Stat. (2004). The trial court also correctly found that Cribbs was improperly sentenced as a prison releasee reoffender for the offense of possession of burglary tools, because this crime is not a qualifying offense under the Prison Releasee Reoffen-der Act. § 775.082(9)(a)(l), Fla. Stat. (2004). In its order, the trial court directed the State to schedule a resentencing hearing within fifteen days; however, the State failed to schedule such hearing.
Accordingly, we remand this case for the trial court to resentence Cribbs for his offense of possession of burglary tools. Cribbs’ judgments for both offenses and his sentence for burglary are affirmed.
SILBERMAN, J., and DANAHY, PAUL W., Senior Judge, Concur.